THE STATE OF CONNECTICUT *vs.* CONSTANTY ZWIRKO.
THE STATE OF CONNECTICUT *vs.* STEFANIE ZWIRKO.

Third Judicial District, New Haven, June Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

The trial court found that the accused, husband and wife, jointly owned and resided in an apartment in which police officers discovered two ten-gallon stills in operation, several large barrels of mash in process of fermentation, one ten-gallon keg filled with liquor, six and one half gallons of liquor in jugs, empty bottles and other equipment for distilling; that the liquor contained fifty-three per cent alcohol by volume; that the consumption of gas in the apartment for a period of twenty-nine months had been unusually large; and that, when the officers entered the apartment, the wife stated that she was not the first one that had been caught, and, later, that she made liquor for the use of her husband who was employed in a factory during the daytime. *Held:—*
1. That it was a necessary inference from the husband's joint ownership and occupation of the premises under all the circumstances that he knew that liquor was being manufactured and kept for sale therein.
2. That the trial court's judgment that each of the accused was guilty of manufacturing and keeping intoxicating liquor with intent to sell was the only legally permissible conclusion upon the facts found.

Argued June 4th—decided June 23d, 1924.

INFORMATIONS for owning and keeping, and in a second count with manufacturing, spirituous and intoxicating liquor, with intent to sell and exchange the same, brought to the Criminal Court of Common Pleas in New Haven County and tried to the court, *Booth, J.;* facts found and judgment of guilty rendered in each case, from which the accused appealed. *No error.*

*Arthur B. O'Keefe,* with whom was *Louis Sachs,* for the appellants (the accused).

*Edwin S. Pickett,* Prosecuting Attorney, for the appellee (the State).

PER CURIAM.   Both of the above entitled cases were tried together to the court, the accused offering no evidence.   The court found the following facts: Constanty Zwirko and Stefanie, his wife, the accused herein, jointly owned on December 21st, 1923, the house known as 35 Vernon Street in New Haven, and occupied with their three small children the third floor of these premises as a dwelling.   This apartment consisted of a kitchen, dining-room and two bedrooms, with the entrance to and exit from the apartment by the rear door.   On December 21st, 1923, two police officers went to the rear door and were there met by the accused Stefanie Zwirko, who refused to permit them to examine the apartment.   The officers then proceeded up the back stairway to the back door of the apartment where they detected a strong alcoholic odor emanating from the apartment.   They again requested the accused Stefanie to permit them to enter the apartment, which request she again refused.   The two officers left another police officer in the hallway and went after a search warrant.   They shortly returned, showed Stefanie the warrant, whereupon she opened the door, remarking: "All right; might just as well; I am not the first one been caught."

On entering, the officers found in the kitchen two ten-gallon stills filled with mash in full operation, the heat for which was being supplied by two lighted gas stoves.  In a closet in one bedroom the officers found one forty-eight gallon barrel full of mash and one forty-eight gallon barrel half full of mash, both in process of fermentation, and being supplied with heat by a lighted oil lamp.   In the closet of the other bedroom they found three twenty-gallon barrels, all filled with mash, in the process of fermentation, the heat for which was being supplied by a lighted oil lamp.   The officers also found by further search of the premises, one ten-gallon keg

filled with liquor; six one-gallon jugs filled with liquor; one one-gallon jug half filled with liquor; two empty flat-sided bottles; one funnel; two spirit hydrometers, and one test tube.

The contents of the containers were analyzed and found to contain fifty-three and seventy-six one-hundredths per cent alcohol by volume. The accused Stefanie stated to the officers that she manufactured the liquor for her husband's use, as she did not want him to drink any poison whiskey on his way home from work. The accused Constanty, in May, 1921, secured the installation of a gas meter in this apartment, which remained there until December 21st, 1923. For the first sixteen months, the gas consumed in the apartment averaged two thousand and fifty cubic feet per month, and for the last thirteen months of this period, six thousand six hundred and seventy-six cubic feet per month. The husband of the accused was employed in a factory during the daytime, but was at home during the evening. The court reached the conclusions that the accused manufactured the liquor for the purpose of sale and kept it with intent to sell the same and that the liquor was spirituous and intoxicating.

Both accused appeal because there was no evidence from which the court might legally infer that the accused kept intoxicating liquor with intent to sell, and manufactured it with intent to sell, and that it erred in rendering judgment, and further that the State had failed to prove beyond a reasonable doubt the charges contained in the information. In the case of Constanty an additional error assigned was that there was no evidence that the accused had any knowledge that intoxicating liquors were kept with intent to sell. We assume counsel intended to claim that the subordinate facts found did not support the conclusions reached or the judgment rendered. The question for us is not

what the evidence showed, but what the facts found show. Assuming that the assignment of errors had properly presented the claims intended, we are of opinion that not only are the conclusions and judgment of the court justified, but that no other conclusions or judgment would have been legally permissible upon the facts found.

The quantities of intoxicating liquor in the apartment, and of intoxicating liquors in process of manufacture, and the stills and apparatus in operation, could reasonably lead to no conclusions other than those reached by the court. The statement of the accused Stefanie was evidential of guilty knowledge. It was a necessary inference that the joint owner of this building and the master of the apartment knew of this manufacture and traffic; indeed, it was impossible for him not to know of it. The consumption of gas from the meter ordered by him, by itself would justify the inference of his guilty knowledge, and indicates the extent and duration of this illegal manufacture and traffic. The appeal is wholly without merit. In each case the penalty imposed by the court was not severe in view of the nature and character of the offenses of which the accused have been found guilty.

There is no error.